**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **IN RE: YAMAHA MOTOR CORP. RHINO ATV PRODUCTS LIABILITY LITIGATION** | **Master File No. 3:09-MD-2016-JBC**<br>**MDL No. 2016** |
| _____ | |
| **THIS DOCUMENT RELATES TO BARHAM V. YAMAHA MOTOR CORP., ET AL.** | |
| **09-CV-237-JBC** | **JENNIFER B. COFFMAN,**<br>**U.S. DISTRICT JUDGE** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon the motion of the plaintiff to remand this case to the Circuit Court of Leflore County, Mississippi (R. 8).[1]  The court will deny the plaintiff's motion because the defendant who destroys diversity jurisdiction was improperly joined.

**I.      Background**

On July 17, 2008, William Barham was operating a Yamaha Rhino side-by-side utility vehicle ("Rhino") and was injured when the Rhino rolled over.

 Barham brings this action seeking damages incurred as a result of this accident.  He brought this action against Yamaha Motor Corporation, USA

_____

[1]Unless otherwise indicated, all record numbers in this order refer to the record of the individual case, not the record of the master case file for the multi-district litigation proceeding.

("YMUS"); Yamaha Motor Manufacturing Corporation of America ("YMMC");

Yamaha Motor Co., Ltd ("YMC"); and Top Dog Powersports, LLC.

Barham alleges that the Rhino was defective in design or manufacture or

both, as well as a variety of claims associated with the allegedly defective product.

*See* Plaintiffs' Amended Complaint.  Of particular importance to the instant motion,

Barham brought the Rhino to Top Dog for repairs on March 17, 2007, and he

alleges that Top Dog knew or should have known that users of the Rhino were

susceptible to limb injuries if the Rhino rolled over and that the Rhino needed

installation of doors and failed to advise him accordingly.

On February 4, 2009, Yamaha, the last-served defendant, removed the case

from the Circuit Court of Leflore County, Mississippi to federal court, invoking the

court's diversity jurisdiction.  The plaintiff is a citizen of Mississippi.  YMUS is a

corporate citizen of California, YMC is a corporate citizen of Japan, and YMMC is a

corporate citizen of Georgia.  Top Dog, however, is a citizen of Mississippi.[2]

---

[2]In its complaint, the defendant did not allege Top Dog's citizenship
sufficiently, as Top Dog is a limited-liability company and not a corporation.  An
LLC has the citizenship of its members. *Homfeld II, LLC v. Comair Holdings, Inc.*,
53 Fed. App'x 731 (6th Cir. 2002) (citations omitted); *see also Harvey v. Grey
Wolf Drilling Co.*, 542 F.3d 1077, 1079-80) (5th Cir. 2008) (noting that although
issue not yet addressed by Supreme Court, "[a]ll federal appellate courts that have
addressed the issue have reached the same conclusion: like limited partnerships and
other unincorporated associations or entities, the citizenship of a LLC is determined
by the citizenship of all of its members" (citations omitted)).  The plaintiff alleges
that Top Dog is a corporation organized and existing under the laws of Mississippi;
Top Dog is a business located in Greenwood, Mississippi; and its agent for service
of process is located in Mississippi.  The court therefore will assume that at least
one of the members composing Top Dog, LLC, is a citizen of Mississippi, making it
a citizen of Mississippi.

The Yamaha defendants removed the case based on their theory that Top Dog was an improperly joined party.

The plaintiff now requests that this court remand the matter to state court, arguing that diversity of citizenship does not exist and that Top Dog is a properly joined defendant.  In response, the Yamaha Defendants maintain that the citizenship of Top Dog may be disregarded as it was fraudulently joined.  Because the court agrees with the defendants, it will deny the plaintiff's motion.

## II.    Analysis

The court must determine whether Top Dog is a properly joined defendant, whose joinder would destroy the court's jurisdiction over this action.

"[A] plaintiff cannot evade federal subject matter jurisdiction by denominating non-diverse defendants against which [the] plaintiff has no possibility of recovery; joinder of such jurisdiction-defeating defendants is considered fraudulent and will not hinder a district court from exercising original jurisdiction."  *Stanley v. Delux Fin. Servs.*, No. 08-CV-2149, 2009 WL 929029, at *2 (N.D. Ohio April 2, 2009) (citing *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)).  "[T]o establish fraudulent joinder 'the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.'"  *Id.* (citing *Coyne*, 183 F.3d at 493).  The court must decide whether "there is arguably a reasonable basis for predicting that the state

3

law might impose liability on the facts involved." *Id.* (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994) (citations omitted)).

Therefore, more precisely, the question before this court is whether there is any reasonable basis to predict that Mississippi law would allow the plaintiff to recover from Top Dog.[3]  In making this determination, the court must resolve all doubts in favor of remand.  *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir.2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).  The defendants have the burden of establishing that Top Dog was fraudulently joined.  *See Alexander*, 13 F.3d at 949.

Barham asserts that he has made a negligence claim against Top Dog.[4]

---

[3]This matter is before this court as a part of a multi-district litigation proceeding.  It was removed from state court to the Northern District of Mississippi based on diversity jurisdiction.  This court therefore will apply substantive Mississippi state law.  *See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (observing that "[w]hen analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located" but "[w]hen considering questions of state law, . . . the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation").

[4]In his memorandum accompanying his motion for remand, Barham also argues that he has a claim against Top Dog under the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63(a), (f) and (h), which provide those circumstances under which an injured plaintiff bringing a products liability action may recover from the seller of the allegedly defective product.  In his complaint, the plaintiff does not contend that Top Dog was the seller of the Rhino; this allegation first appears in the plaintiff's memorandum.  *See* R. 8, p. 1.  The defendants respond by asserting that another business, South Jackson Yamaha, was the seller of the subject Rhino, and they provide evidentiary support from Yamaha Corporate Records for this assertion.  *See* R. 17, exhibit 5.  In his reply, Barham does not address the issue and offers no competing factual support for the allegation that Top Dog was the seller, dropping the argument that he has a claim under section 11-1-63 and effectively conceding the point.  He uses language limiting Top Dog's wrongdoing to its actions on March

4

Count IX of the plaintiff's Amended Complaint contains this claim:[5]

> The Yamaha Defendants knew at the time of manufactured [sic], and Defendant Top Dog Powersports, LLC, knew by virtue of its 3/19/2007 repair to the subject Rhino, or by exercise of reasonable care, should have known that:
> a.   Doors were needed on the subject Yamaha Rhino;
> b.   That occupants in the Yamaha Rhino at the time of the rollover were susceptible to leg or limb injury;
> c.   That Yamaha Defendant employees and/or engineers had been involved in rollovers while in a Yamaha Rhino and had been injured in rollovers;
> d.   That warnings utilized by the Yamaha Defendants, [sic] were no

---

19, 2007, the date on which it repaired the vehicle, and argues that on that date, Top Dog failed to comply with its duty to warn and accordingly was negligent. *See* R. 100, p. 2.

  To the extent that Barham has made a claim against Top Dog under the MPLA, the claim is not viable.  Barham offers no factual support for any allegation that Top Dog was the seller of the Rhino. The court concludes that Top Dog was not the seller of the Rhino. *See Gentek Bldg. Prods., Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (noting court "may look beyond the pleadings to assess challenged facts").  Although the court must resolve disputed questions of fact in favor of the plaintiff, there is apparently no dispute that Top Dog was not the seller of the subject Rhino.  There is no basis under the MPLA for liability of a repair service. *See Green v. Allendale Planting Co.*, 954 So. 2d 1032, 1040 (Miss. 2007) ("The [MPLA] statute only governs whether liability should be imposed on entities engaged in the actual production or the sale of goods.").  The court therefore finds that Barham has stated no colorable cause of action against Top Dog under the MPLA.

  [5]The plaintiff attached the original Complaint to his motion.  Upon review of the record, the court found attached to the notice of removal an Amended Complaint, and so the court will reference the Amended Complaint. *See* R. 1.  The state court clerk apparently submitted to the federal court the original complaint for separate filing and that complaint was filed in the record as the "State Court Complaint." *See* R.2.  Count IX is identical in the two complaints.  The court also notes that the state court record contains a motion by Top Dog to dismiss for failure to state a claim upon which relief can be granted. *See* R. 1.  The parties did not notify the court of this motion, as requested in a previous order of the court. *See* R. 14 (Case No. 09-2016).  However, Top Dog has joined the defendants' opposition to the plaintiff's motion to remand. R. 58.  Given the court's resolution of the motion to remand, the court will deny the motion to dismiss as moot.

> substitute for a reasonably safe design, and such warnings
> should be used only in the event that the product could not be
> designed to eliminate or minimize an injury;
>
> e.   That having this information, Defendants, Yamaha, initially, and
> Defendant, Top Dog Powersports, LLC by 3/19/2007, failed to
> warn the Plaintiff, place doors on the Rhino which was a failure
> to exercise reasonable care, all of which constituted negligence
> and proximately contributed to this accident.

R. 1, Am. Compl. Count IX.

The plaintiff does not allege that Top Dog made material changes to the

Rhino or negligently repaired it.  *See* Am. Compl. Count VII (alleging that at time of

incident, Rhino "not materially changed from the condition in which it was

manufactured").  Rather, the plaintiff asserts that Top Dog knew – or should have

known – that the Rhino was dangerously defective and should have warned him

accordingly.

"It is elementary that '[t]he elements of proof required to support a claim for

damages for negligence are a duty, a breach of that duty, damages, and proximate

cause.'" *Watson Quality Ford, Inc. v. Casanova*, 999 So.2d 830, 835 (Miss. 2008)

(quoting *Rolison v. City of Meridian*, 691 So.2d 440, 444 (Miss. 1997)).  For the

purpose of deciding this motion, the court will assume that if Top Dog knew or

should have known of a defect, it had a duty to warn Barham accordingly.

However, because the court concludes that the plaintiff has not alleged a sufficient

factual basis for its claim that Top Dog knew or should have known of the alleged

defect, the court will deny his motion to remand and will dismiss Top Dog from this

action.

6

In considering whether a plaintiff has stated a colorable claim, "'all disputed questions of fact and ambiguities in the controlling ... state law' must be resolved in favor of the non-removing party." *Stanley*, at *2 (quoting *Coyne*, 183 F.3d at 493; citing *Alexander*, 13 F.3d at 949). However, although the court must construe disputed facts in the light most favorable to the plaintiff, "[c]onclusory allegations . . . masquerading as factual allegations will not suffice." *Miller v. Williamson*, No. 07-14599, 2008 WL 2695709, at *1 (E.D. Mich. July 2, 2008) (quoting *Bishop v. Lucent Technologies*, 520 F.3d 516, 519 (6th Cir. 2008)) (considering factual allegations necessary to support claim against motion to dismiss)); *see also King v. Centerpulse Orthopedics, Inc.*, No. 05-CV-1318, 2006 WL 456478, at *3-4 (N.D. Ohio Feb. 24, 2006) (denying motion to remand where plaintiff did "not even allege that [the non-diverse defendant] had any reason to know that [the product was] in any way defective" ).

Top Dog repaired the subject Rhino in March of 2007, five months before Yamaha issued a Technical Bulletin to Dealers ordering installation of doors. *See* R. 49, exhibit 4. To support its allegation that Top Dog had knowledge of the alleged defect, the plaintiff relies on a letter sent from YMUS to the owners of Rhinos in September of 2006. The plaintiff argues that one particular paragraph provided Top Dog with the necessary knowledge:

> [I]f you are in a situation where the vehicle is tipping over, do not put your arm or leg outside the vehicle to try to stop it. You could be severely injured. You could suffer a crushed hard [sic], arm, leg, or

7

> foot, if part of your body is caught underneath the vehicle.  You must
> keep your arms and legs inside the vehicle until has stopped moving.

R. 100, exhibit A.  The letter begins, "Dear Rhino Owner," and apparently it was

sent to owners, not dealers.  The letter includes no direction that doors should be

installed in the Rhino.  Most importantly, the plaintiff does not allege that Top Dog

received the letter, much less provide any factual basis for such an inference.

Nor is there any factual basis aside from the letter for a finding that Top Dog

had the requisite knowledge.  Mississippi law supports a negligence claim against a

repairing entity when the product defect alleged by the plaintiff was within the

scope of the repairs, such that the repairer either did, or should have, become

aware of it during the course of repairing the product.  *See Johnson v. William C.

Ellis & Sons Iron Works*, 604 F.2d 950, 956 (5th Cir. 1979) (citations omitted)

(observing Mississippi law imposes no liability on seller or distributor for defects

"not detected in handling the product" and so concluding no viable claim against

repairer of farm machinery where alleged defect was "neither created nor

aggravated by the services provided and not within the scope of the work

contracted for"); *Jones v. Gen. Motors Corp.*, No. 06-608, 2007 WL 1610478, at

*5 (S.D. Miss. June 1, 2007) (finding no viable claim against dealer which plaintiff

conceded did not service or repair the allegedly defective air bag system, where

plaintiff did not otherwise provide factual support for allegation that negligent

repairs of other parts caused injury); *Baggett v. Yamaha Motor Co., Ltd.*, No. 06-

CV-184, 2006 WL 1520539, at *2 (S.D. Miss. May 31, 2006) (concluding no

8

reasonable possibility of recovery against seller for injuries caused by alleged defective brakes where seller did not service the brakes); *Burrell v. Ford Motor Co.*, 304 F.Supp. 2d 883 (S.D. Miss. 2004) (finding basis for a claim against the non-diverse car dealership that repaired car's ignition system where plaintiffs sued car maker and dealership alleging car had defective ignition system).

Here, the plaintiff's allegations of product defect are not related to any of the work done on the Rhino by Top Dog on March 17, 2007. Top Dog replaced a fender and a tail light and welded the muffler. The scope of these repairs does not include the alleged defect – the design of the Rhino, including its lack of doors. Nor does the plaintiff try to link the repairs to the alleged defect or argue that through the course of the repairs the defect should have become known to Top Dog.

Thus, even assuming Top Dog had a duty to warn Barham of a defect it knew or should have known existed, Barham has provided no factual basis for his allegation that Top Dog knew or should have known that the Rhino could cause injury to limbs if it tipped or rolled and that doors were necessary. The court is persuaded that Barham has no cognizable cause of action against Top Dog and therefore concludes that Top Dog was improperly joined in this law suit.

## IV.   Conclusion

Accordingly, **IT IS ORDERED** that the plaintiff's motion to remand (R. 17) is **DENIED** and Top Dog is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Top Dog's motion to dismiss (*see* R.1) is

**DENIED** as moot.


Signed on  June 26, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**